J-S20023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY RUBY, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| NANCY A. GIROUX, | | |
| Appellee | | No. 1308 WDA 2014 |

Appeal from the Order July 22, 2014
In the Court of Common Pleas of Erie County
Civil Division at No(s): No. 11956-2014

MEMORANDUM PER CURIAM:                    **FILED JULY 21, 2015**

Appellant, Anthony Ruby, appeals from the July 22, 2014 order entered in the Erie County Court of Common Pleas denying his petition for writ of *habeas corpus*. We affirm.

Appellant pled guilty on October 4, 2012, at Erie County docket number 2321 of 2012 to two counts of sale or transfer of firearms (counts two and three), and one count each of forgery (count five) and tampering with records (count seven). He pled guilty to the same counts at docket number 2323 of 2012.

The trial court sentenced Appellant on December 5, 2012. At docket number 2321 of 2012, Appellant was sentenced to twenty-seven to fifty-four months of imprisonment for count two, with count three merging for purposes of sentencing, and two concurrent terms of imprisonment of sixteen to thirty-two months each for forgery and tampering with records.

At docket number 2323 of 2012, the trial court sentenced Appellant to twenty-seven to fifty-four months of imprisonment for count two, consecutive to count two at docket number 2321 of 2012, with count three merging for purposes of sentencing, and two concurrent terms of imprisonment of sixteen to thirty-two months each for forgery and tampering with records. Appellant filed a motion to reconsider sentence at both docket numbers, which the trial court denied on December 11, 2012. Appellant did not file a direct appeal.

On September 16, 2013, Appellant filed a *pro se* petition for writ of *habeas corpus*,[1] which the lower court treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. The PCRA court appointed counsel, who filed a **Turner**/**Finley**[2] letter on November 20, 2013. On December 3, 2013, the PCRA court issued a notice of intent to dismiss the petition without a hearing. Appellant subsequently filed objections to the notice of intent. The PCRA court dismissed the petition on February 19, 2014.

Appellant did not appeal the February 19, 2014 dismissal but instead filed an amended PCRA petition on February 20, 2014, and a motion for

---

[1] While the Erie County Prothonotary assigned the document a civil docket number, it properly cross-filed it with the underlying criminal docket numbers of 2321 and 2323 of 2012.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

reconsideration on March 4, 2014. On March 4, 2014, the PCRA court vacated its order dismissing Appellant's PCRA petition and ultimately entered a new final order denying the petition on March 12, 2014. Appellant filed a notice of appeal to this Court on April 9, 2014.[3]

After the notice of appeal was filed and while the appeal was pending in this Court, Appellant, *pro se*, filed a second petition for writ of *habeas corpus*, which is the subject of this appeal and which duplicated claims made in the prior petition. That second petition was improperly docketed[4] in the lower court on July 15, 2014. Despite that improper docketing, the common pleas court treated the petition for writ of *habeas corpus* as another PCRA petition. Noting that Appellant's prior PCRA petition was still pending on appeal, the PCRA court denied the second petition on July 22, 2014. Appellant filed the instant notice of appeal on July 30, 2014.

Initially, we agree that the present petition for writ of *habeas corpus* properly was treated as a PCRA petition. ***See***, ***e.g.***, ***Commonwealth v.***

_____

[3] Months after the events in question leading to this appeal, Appellant discontinued that appeal from the March 12, 2014 denial of his PCRA petition on September 11, 2014.

[4] Upon appeal to this Court of the second petition for writ of *habeas corpus*, we directed our Prothonotary on June 16, 2015, to remand to the Erie County Clerk of Courts and Prothonotary the partial record previously certified to this Court in this case for its proper compilation with the record at Erie County docket numbers 2321 and 2323 of 2012. As the complete certified record has now been returned, we may proceed to address the appeal.

*Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (instructing that writ of *habeas corpus* should have been treated as PCRA petition).  If the PCRA offers a remedy for a petitioner's claim, it is the sole avenue of relief. **Commonwealth v. Wyatt**, ___ A.3d ___, 2015 PA Super 96 (Pa. Super. filed April 24, 2015).  In construing the language of 42 P.C.S. § 9542, "Pennsylvania Courts have repeatedly held that the PCRA contemplates challenges to the propriety of a conviction or a sentence.  **Commonwealth v. Masker**, 34 A.3d 841, 843 (Pa. Super. 2011) (*en banc*)." **Commonwealth v. Heredia**, 97 A.3d 392, 394 (Pa. Super. 2014), *appeal denied*, 104 A.3d 524 (Pa. 2014).  In the present petition, Appellant asserted violations of the Pennsylvania and United States Constitutions, claiming the Crimes Code was enacted without constitutional authorization. Thus, he suggests he was charged and convicted of violating an invalid law. Petition for Writ of *Habeas Corpus*, 7/15/14, at 8.  Appellant's challenges are to the propriety of his convictions, and therefore, his claims are cognizable under the PCRA.  **See**, **e.g.**, **Commonwealth v. Peterkin**, 722 A.2d 638, 640–641 (Pa. 1998) ("Because Peterkin alleges violations of the constitution and of law . . . his claims were cognizable under the PCRA.").

We further conclude that the PCRA court correctly dismissed the instant petition.  Pursuant to **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), Appellant was precluded from filing a PCRA petition on July 15, 2014, because his appeal of his first PCRA petition was still pending.  As our

Supreme Court explained: "[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Id*. at 588 (footnote omitted). *Lark* precluded Appellant from filing a subsequent PCRA petition until the appeal of his first PCRA petition became final. *Commonwealth v. Callahan*, 101 A.3d 118, 122–123 (Pa. Super. 2014). Thus, the PCRA court correctly dismissed the petition. *See Commonwealth v. Porter*, 35 A.3d 4, 14 (Pa. 2012) (stating, a "PCRA trial court cannot entertain a new PCRA petition when a prior petition is still under review on appeal"); *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268–1269 (Pa. 2008) ("[W]hen a PCRA appeal is pending, a subsequent PCRA petition cannot be filed until the appeal of the first petition is resolved.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2015

- 5 -