J-S20036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN ROSCOE SHIPLEY, | |
| Appellant | No. 1390 WDA 2015 |

Appeal from the Order August 28, 2015
in the Court of Common Pleas of Cambria County
Criminal Division at No.: CP-11-CR-0002077-2010

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 04, 2016**

Appellant, John Roscoe Shipley, appeals *pro se* from the order of August 28, 2015, denying his motion for time credit.  For the reasons discussed below, we affirm.[1]

On July 7, 2011, following trial, a jury found Appellant guilty of burglary, criminal trespass, driving under the influence, loitering and prowling at nighttime, and criminal mischief.  On July 21, 2011, the trial court sentenced Appellant to an aggregate term of incarceration of not less

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court may affirm for any reason, including reasons that are different from those of the trial court.  **See Commonwealth v. Hernandez**, 886 A.2d 231, 240 (Pa. Super. 2005), *appeal denied*, 889 A.2d 1122 (Pa. 2006).

than seven and three-quarters nor more than fifteen and one-half years, to be followed by a consecutive term of six months' probation. On April 18, 2012, this Court affirmed the judgment of sentence. (**See Commonwealth v. Shipley**, No. 1311 WDA 2011, unpublished memorandum at *1-3 (Pa. Super. filed April 18, 2012)). On March 6, 2013, the Pennsylvania Supreme Court denied leave to appeal. (**See Commonwealth v. Shipley**, 63 A.3d 777 (Pa. 2014)).

On March 21, 2013, Appellant filed a timely *pro se* first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Following appointment of counsel, the PCRA court held a hearing on August 21, 2013. On September 25, 2013, the court denied the PCRA petition. On August 26, 2014, this Court affirmed the dismissal of the petition. (**See Commonwealth v. Shipley**, No. 1650 WDA 2013, unpublished memorandum at *1-8 (Pa. Super. filed August 26, 2014)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court

On August 19, 2015, Appellant filed the instant motion for time credit. The trial court denied the motion, on the merits, on August 28, 2015. Appellant subsequently filed a timely *pro se* notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On September 28, 2015, Appellant filed a timely Rule 1925(b) statement. On September 29, 2015, the trial court

issued an opinion adopting its August 28, 2015 order. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises two questions for our review:

> 1. Was the trial court in error for not [crediting Appellant's] full time spent in county jail under [the trial] court's sentence[?]
>
> 2. Was trial court in error for multiple sentencing[] under [the] same offense[?]

(Appellant's Brief, at unnumbered page 4).

Initially, we conclude that the trial court should have treated Appellant's motion for time credit as a PCRA petition. Pennsylvania courts have consistently held that, so long as it falls within the ambit of the PCRA, any petition filed after the judgment of sentence is final is to be treated as a PCRA petition. *See Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (noting cases), *appeal denied*, 944 A.2d 756 (Pa. 2008). To the extent it can be determined from Appellant's pleadings, he appears to allege that the trial court failed to award him credit for time served and illegally imposed multiple punishments for a single offense. (*See* Appellant's Brief, at unnumbered pages 6-7).

It is settled that challenges to the legality of sentence and to the trial court's failure to award credit for time served as required by the law, are cognizable under the PCRA. *See Commonwealth v. Wyatt*, 115 A.3d 876, 879 (Pa. Super. 2015); *Fowler*, *supra* at 592-93. Thus, we treat Appellant's filing as a second serial PCRA petition.

Appellant appeals from the denial of his PCRA petition. To be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Our standard of review for an order denying PCRA relief is well settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his second PCRA petition on August 19, 2015. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final for PCRA purposes "at the conclusion of direct review,

- 4 -

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

In the instant matter, Appellant's judgment of sentence became final on June 4, 2013, ninety days after the Pennsylvania Supreme Court denied leave to appeal and Appellant did not file a petition for a writ of certiorari with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13. Because Appellant did not file his petition until August 15, 2015, the petition is facially untimely. Thus, to obtain PCRA relief, he must plead and prove that his claim falls under one of the statutory exceptions to the one-year time bar provided at section 9545(b). *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully pleads and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant does not invoke any of the statutory exceptions, but may be arguing that we should consider his petition timely because he challenges the legality of his sentence and such a challenge can never be waived. (*See* Appellant's Reply Brief, Reply to Statement of Argument from Appellee, at 1). However, in *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Id.* at 223 (citation omitted). Appellant cannot avoid the PCRA timeliness requirements based on a claim on an illegal sentence. *See id.*

Thus, because the record demonstrates that Appellant's PCRA petition is untimely with none of the statutory exceptions to the time bar proven, we

affirm the order of the trial court dismissing Appellant's second PCRA petition.[2]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/2016

---

[2] In an abundance of caution, we note that, to the extent that Appellant may be claiming that the Department of Corrections is improperly calculating his credit for time served, (*see* Appellant's Brief, Statement of Argument, at 1-4), such a claim must be brought as an original action in the Commonwealth Court, not the Court of Common Pleas or this Court. *See Wyatt*, *supra* at 879.