J-S33008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WILLIE MILES | |
| Appellant | No. 843 WDA 2015 |

Appeal from the PCRA Order April 14, 2015
in the Court of Common Pleas of Allegheny County Criminal Division
at No(s): CP-02-CR-0003921-2011

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JUNE 17, 2016**

Appellant, Willie Miles, appeals *pro se* from the order of the Allegheny County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition, entitled "Motion to Vacate Illegal Sentence,"[2] as

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that

> [t]he PCRA provides:
>
> > The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior

untimely. Appellant contends that his February 21, 2012 sentence following his convictions of possession of a controlled substance with intent to deliver[3] ("PWID"), possession of a controlled substance,[4] and possession of drug paraphernalia[5] is illegal under **Alleyne v. United States**, 113 S. Ct. 2151 (2013).[6] We affirm.

Appellant was sentenced on February 21, 2012, to five to ten years' imprisonment for PWID with no further penalty at the remaining counts. On February 26, 2013, this Court affirmed the judgment of sentence. **Commonwealth v. Miles**, 446 WDA 2012 (unpublished memorandum) (Pa.

---

> proceedings or to provide relief from collateral consequences of a criminal conviction.
>
> 42 [Pa.C.S.] § 9542. Accordingly, if the PCRA offers a remedy for an appellant's claim, it is the sole avenue of relief and the PCRA time limitations apply. **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).

**Commonwealth v. Wyatt**, 115 A.3d 876, 879 (Pa. Super. 2015). The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." **Commonwealth v. Jackson**, 30 A.3d 516, 518 (Pa. Super. 2011) (citing 42 Pa.C.S. § 9542). Therefore, the PCRA court properly treated Appellant's "Motion to Vacate Illegal Sentence" as a PCRA petition. **See Wyatt**, 115 A.3d at 879; **Jackson**, 30 A.3d at 518.

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(16).

[5] 35 P.S. § 780-113(a)(32).

[6] We note that **Alleyne** was decided on June 17, 2013.

Super. Feb. 26, 2013). On March 26, 2013, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed a motion to withdraw on June 17, 2013. The PCRA court granted the motion to withdraw. On July 24, 2013, the PCRA petition was denied. On March 23, 2015, Appellant filed the instant *pro se* "Motion to Vacate Illegal Sentence." On March 27, 2015, the PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On April 6, 2015, Appellant filed a "Written Response" to the Rule 907 notice.[7] On April 14, 2015, the court dismissed the PCRA petition. This timely appeal followed.[8] Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issues for our review:

> 1. Is Appellant's sentence illegal and unconstitutional pursuant to recent decisions declaring 18 Pa.C.S.A. § 7508 unconstitutional?

---

[7] We note that the written response was docketed on April 16, 2015. Appellant's certificate of service is dated April 6, 2015.

[8] In the instant case, the notice of appeal is docketed as filed on May 21, 2015, beyond the thirty day appeal period from the April 14, 2015, order. *See* Pa.R.A.P. 903(a); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa. Super. 2001) (noting "questions of jurisdiction may be raised *sua sponte*") (citation omitted). However, *pro se* Appellant is incarcerated. The notice of appeal is dated by Appellant as having been served on May 12, 2015, and Appellant attached an envelope post-marked May 14, 2015. It is well settled the "prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted). Thus, we adopt May 12, 2015 as the date of filing and conclude the present appeal is timely. ***See id.*** at 40.

2. Since Appellant's sentence is unconstitutional is Appellant entitled to resentencing in that his sentence is illegal?

Appellant's Brief at 4.

When analyzing the dismissal of a PCRA petition, "an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The timeliness of a PCRA petition is a threshold question that implicates the jurisdiction of a court to consider the merits of the relief requested. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Commonwealth v. Marshall*, 947 A.2d 714, 719-20 (Pa. 2008) (some citations omitted). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S. § 9545] are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (footnote omitted).

Appellant was sentenced on February 21, 2012. This Court affirmed his judgment of sentence on February 26, 2013. Appellant did not seek discretionary review in the Supreme Court of Pennsylvania. Thus, his judgment of sentence became final on March 28, 2013. *See* 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time

for seeking the review[ ]"). Appellant generally had until March 28, 2014, to file his PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Therefore, because Appellant filed the instant PCRA petition on March 23, 2015,[9] his petition is untimely.[10]

Appellant avers that he is serving an illegal sentence pursuant to *Alleyne*,[11] and therefore his sentence should be vacated. Appellant's Brief at 8, 11. He contends his mandatory minimum sentence is unconstitutional under *Alleyne*. *Id.* at 8. We find no relief is due.

In *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015), this Court opined:

> [A]n *Alleyne* claim is a non-waivable challenge to the legality of sentence. Such a claim may be raised on direct appeal, **or** in a timely filed PCRA petition. *See* 42 Pa.C.S. § 9542 ("persons serving illegal sentences may obtain collateral relief"); *Commonwealth v. Hockenberry*, [ ] 689 A.2d 283, 288 [(Pa. Super.] 1997) ("Issues relating to the legality of sentence cannot be waived and are cognizable under the PCRA"; addressing challenge to

---

[9] The PCRA court erroneously states that Appellant's "Motion to Vacate Illegal Sentence" was filed on December 22, 2014. *See* PCRA Ct. Op., 11/3/15, at 2. The "Motion to Vacate Illegal Sentence" was filed with Appellant's Application to Proceed *In Forma Pauperis* on March 23, 2015. The docket does not indicate any activity in the instant case in 2014.

[10] We note that Appellant does not argue that any of the timeliness exceptions apply in the instant case. *See Marshall*, 947 A.2d at 719-20.

[11] The United States Supreme Court in *Alleyne* held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155.

imposition of a mandatory minimum under 18 Pa.C.S. § 7508(a)). Indeed, in [**Commonwealth v.**] **Newman** [99 A.3d 86 (Pa. Super. 2014) (*en banc*)] the *en banc* panel recognized that **Alleyne** constituted a "new rule" that "applies to all criminal cases **still pending on direct review**." **Newman**, [ ] 99 A.3d at 90 (emphasis supplied), quoting **Schriro v. Summerlin**, [ ] 124 S. Ct. 2519, [ ] (2004).

**Id.** at 60 (some emphasis added).[12]  Moreover,

[i]t is also settled that **Alleyne** does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014). In concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the **Miller** Court explained:

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases **in which the judgment of sentence had become final**. . . . This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Id.** at 995 (citations omitted) (emphasis supplied). Furthermore, this Court also recently declined to give **Alleyne** retroactive effect to cases on timely collateral

---

[12] This Court has determined that the following cases be considered by the Court *en banc*: **Commonwealth v. Aybar**, 1224 MDA 2014, **Commonwealth v. Ciccone**, 3114 EDA 2014, and **Commonwealth v. Haskins**, 1815 MDA 2014. The *en banc* Court will address the issue of "[w]hether the PCRA petitioner is entitled to relief when he raises, **in a timely PCRA petition**, a claim that his sentence is illegal pursuant to **Alleyne** . . . and **Commonwealth v. Newman**, 99 A. 3d 86 (Pa. Super. 2014) (*en banc*)".

> review when the defendant's judgment of sentence was finalized before ***Alleyne*** was decided. ***See Commonwealth v. Riggle***, 119 A.3d 1058 (Pa. Super. 2015).

***Id.*** at 58.

Appellant's judgment of sentence was final on March 28, 2013. Thus, his PCRA petition, filed on March 23, 2015, is facially untimely. ***Alleyne*** does not apply retroactively to an untimely PCRA. ***See Ruiz***, 131 A.3d at 60. Appellant did not plead and prove any exception to the PCRA's timeliness requirement. ***See Marshall***, 947 A.2d at 719-20; ***Lawson***, 90 A.3d at 5. Therefore, the PCRA court lacked jurisdiction to consider the legality of Appellant's sentence. ***See Davis***, 86 A.3d at 887. The PCRA court did not err in dismissing his PCRA petition as untimely. ***See Pitts***, 981 A.2d at 878; ***Marshall***, 947 A.2d at 719-20.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2016