J-S06043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN OLIVER JR., | : | |
| | : | |
| Appellant | : | No. 717 EDA 2017 |

Appeal from the PCRA Order February 16, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0409581-1997

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED MARCH 22, 2018**

John Oliver, Jr. ("Oliver"), *pro se*, appeals from the Order dismissing his *pro se* Petition for relief, which the court of common pleas treated as his fifth Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court concisely summarized the relevant procedural history in its Opinion, which we incorporate as though fully stated herein.  **See** PCRA Court Opinion, 2/28/17, at 1-3.

In this timely appeal, Oliver presents the following issue for our review: "May a criminal court judge[,] within its discretion[,] change the caption headed [*sic*] of a *pro se* petitioner to a PCRA[,] and den[y] relief the same

---

[1] **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation and ellipses omitted).

without an evidentiary hearing?" Brief for Appellant at 6 (citations to statutory and case law omitted).

"In reviewing the [dismissal] of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted). We further note that a PCRA court may decline to hold a hearing on a PCRA petition if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007); *see also* Pa.R.Crim.P. 907 (setting forth conditions whereby a PCRA petition may be dismissed without a hearing).

In its Opinion, the PCRA court cogently addressed Oliver's claim, summarized the applicable law, and correctly determined that the court (1) properly treated Oliver's Petition as being filed under the PCRA; and (2) lacked jurisdiction to address the Petition due to its untimeliness. *See* PCRA Court Opinion, 2/28/17, at 3-6. We agree with the PCRA court's apt reasoning and determination and therefore affirm on this basis in rejecting Oliver's sole issue on appeal. *See id.*

Accordingly, as both the PCRA court and this Court lack jurisdiction to address the merits of Oliver's untimely fifth PCRA Petition, we affirm the Order dismissing the Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/18

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY** **FILED**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION** FEB **2 8 2017**

COMMONWEALTH OF        :     CP-51-CR-0409581-1997
PENNSYLVANIA
                               :

     v.                           :

                                       :

JOHN OLIVER                      :

## OPINION

BY:    Patricia A. McInerney, J.                      February 28, 2017

This is an appeal from an order dismissing Defendant John Oliver's fifth (or

subsequent) petition for relief under the Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–

9546. Because the petition/letter at issue was filed more than one year after the judgment

of sentence became final and none of the exceptions to the one-year time bar were alleged

much less proven, this Court properly dismissed it without a hearing and should be

affirmed.[1]

## I.    BACKGROUND

In March of 1996, Defendant John Oliver ("Defendant") raped his mentally

challenged 14-year-old biological daughter while also first threatening to kill her and then

offering to pay her $20.00. On June 30, 1998, following a four-day jury trial in which

---

[1]    This Court received correspondence from Defendant John Oliver dated September 30, 2016. While almost completely incomprehensible, the Court could make out that he was asking/petitioning: "why at the age of 79-years old petitioner's requested for expungement of all non prior convictions and his entirety criminal history, as well as his time served credit of 19-months shall not be granted." While not filed as such, the Court treated this correspondence as a petition for relief pursuant to the Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546.

*EX. F*                             1

Defendant chose to represent himself, Defendant was convicted of rape and corrupting the morals of a minor. He was thereafter sentenced to a term of 10 to 20 years of imprisonment for the rape charge and a consecutive term of 5 years of probation for the corruption of minors charge. Defendant filed a direct appeal, which the Superior Court of Pennsylvania dismissed on May 21, 1999 for failure of counsel to file a brief.

On June 18, 1999, Defendant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-9546, seeking the reinstatement of his direct appeal rights *nunc pro tunc*. Defendant's request was granted. Counsel for Defendant then filed a *nunc pro tunc* appeal. On August 22, 2000, judgment of sentence was affirmed by the Superior Court. Defendant did not thereafter file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Subsequently, Defendant filed four PCRA petitions, all of which were dismissed. Presently, this Court received correspondence from Defendant dated September 30, 2016. While almost completely incomprehensible, the Court could make out that he was asking/petitioning: "why at the age of 79-years old petitioner's requested for expungement of all non prior convictions and his entirety criminal history, as well as his time served credit of 19-months shall not be granted." (Def.'s Correspondence, Sept. 30, 2016 (*sic*)).

While not filed as such, the Court treated Defendant's September 30, 2016 correspondence as a PCRA petition. On January 23, 2017, this Court gave notice pursuant to Pennsylvania Rule of Criminal Procedure 907 of its intention to dismiss the petition as untimely filed and not invoking an exception to the PCRA's timeliness provision as well as being without merit. No response having been filed by Defendant, the Court dismissed the petition as untimely by order dated February 16, 2017. That same day, Defendant .

2

appealed.

In the instant notice of appeal, Defendant states he is "appeal[ing] from the denial of due process and equal protection clause by grabbing [his] *habeas corpus*...[and] changing it into a PCRA and den[ying]...the same!!" (Def.'s Notice of Appeal, Feb. 16, 2017(some changes to font). The Court issues this opinion in support of the order dismissing Defendant's fifth (or subsequent) PCRA petition.

## II.    DISCUSSION

As a preliminary matter, the Court did not err in determining Defendant's September 30, 2016 correspondence should be considered a PCRA petition. The Superior Court has explained:

> It is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. However, a petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. Thus, the question then becomes whether petitioner had an available remedy under the PCRA[.]

*Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. Ct. 2001) (citations and quotations omitted).

In most relevant part, Defendant's correspondence suggests the Court failed to give him credit for time served. The Superior Court has already determined a defendant's "challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence." *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. Ct. 2004). The Superior Court has also already determined "[i]ssues concerning the legality of sentence are cognizable under the PCRA." *Id.* As such, to the extent that Defendant's correspondence suggests the Court failed to give him credit for time served,

3

there was no error in determining his correspondence should be treated as a PCRA.[2,3] *Id.* (holding a collateral challenge to legality of the sentence imposed by the trial court for failing to give credit for time served should be treated as a PCRA petition despite being labeled a *habeas corpus* petition).

42 Pa. C.S. § 9545 addresses jurisdiction and proceedings in post conviction relief matters. Defendant's petition was subject to the timing requirements of Section 9545(b), which first provide that: "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final...." 42 Pa. C.S. § 9545(b)(1). Pursuant to Section 9545(b)(3), "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. C.S. § 9545(b)(3).

Here, Defendant's judgment of sentence became final on September 21, 2000. The Superior Court affirmed the judgment of sentence on August 22, 2000. The judgment of sentence became final 30 days thereafter—upon the expiration of the time period within which Defendant had to file a petition for allowance of appeal with the Supreme Court of Pennsylvania. *See* Pa. R. App. P. 1113(a). As the instant petition was clearly not filed

---

[2]     If Defendant is challenging the computation of his sentence by the Department of Corrections ("DOC"), the Court would note a petition for writ of *habeas corpus* in the trial court "is not the proper vehicle to raise his claim." *Commonwealth v. Wyatt*, 115 A.3d 876, 879–80 (Pa. Super. Ct. 2015). Rather, the proper vehicle would be an original action in the Commonwealth Court challenging the DOC's computation, not an action in the trial court challenging the same. *Id.* at 880.

[3]     To whatever extent relevant, the Court would also note an inmate does not have a due process right to petition for expungement while incarcerated. *Commonwealth v. Wallace*, 97 A.3d 310, 322 (Pa. 2014).

4

within one year of the judgment of sentence becoming final, an exception to the one-year time-bar would have to be applicable.

At subsections (b)(1)(i)-(iii), Section 9545 provides three very limited circumstances which allow for review of a petition not filed within its one-year time limitation. 42 Pa. C.S. § 9545(b)(1)(i)-(iii). In order to invoke one of these exceptions, the petition must allege and the petitioner must prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S. § 9545(b)(1).

The PCRA also makes it "clear that where … the petition is untimely, it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999), *citing* 42 Pa. C.S. § 9545(b)(1). "That burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." *Beasley*, 741 A.2d at 1261.

Here, Defendant did not meet his burden. Defendant's petition did not acknowledge its untimeliness or allege the applicability of any exception. Therefore, as Defendant did not meet his burden of first acknowledging the untimeliness of his petition

5

and then alleging and proving that one of the exceptions applied, this Court properly dismissed Defendant's petition as untimely and was without jurisdiction to consider the merits of the petition. *See Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (noting "the PCRA's timeliness requirements leave the courts without jurisdiction to consider the merits of a PCRA petition that is filed in an untimely manner, unless the petition alleges, and the petitioner proves, that one or more of the enumerated exceptions to the timeliness requirements applies to the claims raised therein.").

WHEREFORE, for the above mentioned reasons, this Court's order dismissing Defendant's petition as untimely should be affirmed.

BY THE COURT:

McINERNEY, J.

6