J-S19028-15

2015 PA Super 96

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN WYATT | |
| Appellant | No. 2343 EDA 2014 |

Appeal from the PCRA Order July 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0603901-1990

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

OPINION BY JENKINS, J.:                    **FILED APRIL 24, 2015**

Appellant Kevin Wyatt appeals from the order of the Philadelphia County Court of Common Pleas treating his petition for writ of *habeas corpus* as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*., and dismissing it as untimely.  Although we agree the trial court should not have treated the petition for writ of *habeas corpus* as a PCRA petition, we deny relief.  The appropriate vehicle for Appellant's claim is an original action filed in the Commonwealth Court of Pennsylvania, not a petition for writ of *habeas corpus*.

In a previous appeal, this Court summarized the factual and procedural history as follows:

Following a 1992 trial, a jury found Appellant guilty of first-degree murder, two counts of robbery, and criminal conspiracy,[1] all stemming from the 1990 shooting death of a jewelry store employee. On June 1, 1993, the trial court sentenced Appellant to a term of life imprisonment for the murder conviction and two consecutive terms of 10 years to 20 years in prison on the robbery charges, to be served concurrently with his life sentence for murder. This Court affirmed his judgment of sentence and our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Wyatt**, 688 A.2d 710 (Pa.Super.1997), *appeal denied*, 548 Pa. 681, 699 A.2d 735 (1997).

Appellant filed his first PCRA petition on September 18, 1997, alleging trial and appellate counsel ineffectiveness. The PCRA court denied relief and this Court affirmed the PCRA court's rejection of four of his five claims. However, we granted relief and ordered a new trial based on trial counsel's failure to object to an accomplice liability jury instruction. **Commonwealth v. Wyatt**, 782 A.2d 1061 (Pa.Super.2001) (unpublished memorandum). Both Appellant and the Commonwealth sought *allocatur*. Our Supreme Court denied the Commonwealth's petition on October 15, 2002, **Commonwealth v. Wyatt**, 570 Pa. 698, 809 A.2d 904 (2002) (table), and denied Appellant's petition on June 3, 2003, **Commonwealth v. Wyatt**, 573 Pa. 697, 825 A.2d 1263 (2003) (table).

The case returned to the trial court for a new trial on the charge of first-degree murder. On January 26, 2004, Appellant entered a guilty plea to third-degree murder.[2] The trial court imposed a sentence of ten years to twenty years in prison, consecutive to the previously-imposed robbery sentences.

On December 29, 2005, Appellant filed a second PCRA petition, which was dismissed as untimely. This Court

_____

[1] 18 Pa.C.S. §§ 2502(a), 3701, and 903, respectively.

[2] 18 Pa.C.S. § 2502(c).

affirmed the dismissal and our Supreme Court denied Appellant's petition for allowance of appeal.

On May 9, 2008, Appellant filed his third PCRA petition, followed by a supplemental petition on November 24, 2008. In his third petition, Appellant challenged his robbery convictions, claiming ineffectiveness resulting from inadequate compensation paid to counsel for indigent defendants. The PCRA court dismissed the petition as untimely.

*Commonwealth v. Wyatt*, slip op., No. 3024 EDA 2009, at 2-3 (Pa.Super. filed July 20, 2010). We affirmed the dismissal of the third PCRA petition.[3]

When the trial court re-sentenced Appellant following his guilty plea to third-degree murder, the trial court ordered that Appellant "receive credit for all time in this case." Sentencing Order, 1/26/2004.

In December 2010, Appellant filed a petition for writ of *habeas corpus* alleging the Department of Corrections erred in computing his sentence.[4]

*See, e.g.,* Petition for Writ of *Habeas Corpus*, received Dec. 7, 2010, at 7.

_____

[3] Appellant has also filed numerous petitions for writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania and has filed petitions for review in the Commonwealth Court of Pennsylvania.

[4] Appellant filed a "Petition for Writ of *Habeas Corpus*," which the clerk of quarter sessions received on December 7, 2010, and docketed on May 13, 2011. He filed an "Amended Petition for Writ of *Habeas Corpus* Pursuant to 42 Pa.C.S. § 6502, and Article I, § 14 of the Pennsylvania Constitution," which the clerk of quarter sessions received on December 10, 2010, and docketed on February 11, 2011. On February 19, 2014, Appellant filed another "Petition for Writ of *Habeas Corpus*." Appellant's Brief discusses only his February 19, 2014 filing. The Commonwealth and the trial court discuss all three filings, with the trial court stating Appellant filed his petition on February 11, 2011, and filed two successive *pro se* pleadings. Opinion, 7/21/2014, at 1.

On June 13, 2014, the Commonwealth filed a response. On June 23, 2014, the trial court treated Appellant's petition as a PCRA petition and issued notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On July 7, 2014, Appellant filed a response to the notice of intent. On July 21, 2014, the trial court issued an order and opinion dismissing Appellant's petition as untimely.

On August 7, 2014, Appellant filed a timely notice of appeal and a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On August 22, 2014, the trial court issued an opinion adopting its July 21, 2014 opinion as its Rule 1925(a) opinion.

Appellant raises the following issue on appeal:

> Whether the trial court conducted a reasonable, and independent investigation of the facts and the relevant legal principles before denying the motion for habeas corpus as an untimely filed PCRA petition?

Appellant Brief at 1.

The PCRA provides:

> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 P.C.R.A. § 9542. Accordingly, if the PCRA offers a remedy for an appellant's claim, it is the sole avenue of relief and the PCRA time limitations apply. ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super.2013).

This Court has clarified the different claims a prisoner may raise regarding credit for time served and the mechanisms for raising such claims:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa.Super.2014) (quoting ***Commonwealth v. Perry***, 563 A.2d 511 (Pa.Super.1989)).

In his petition for writ of *habeas corpus*, Appellant maintains the Department of Corrections ("DOC") miscalculated the credit for time served awarded by the trial court. Petition for Writ of *Habeas Corpus*, filed February 19, 2014, at ¶ 8.[5] This claim is not cognizable under the PCRA. ***See***

_____

[5] Appellant's December 7, 2010 and December 10, 2010 filings claim both that the DOC improperly calculated his credit and that the trial court's order was ambiguous. ***See, e.g.,*** Petition for Writ of *Habeas Corpus*, received
*(Footnote Continued Next Page)*

- 5 -

*Heredia*, 97 A.3d at 395. Accordingly, the trial court erred in treating Appellant's petition as a PCRA petition. However, a petition for writ of *habeas corpus* is not the proper vehicle to raise his claim. Rather, Appellant's claim is cognizable as an original action in the Commonwealth Court. *See McCray v. Pa. Dept. of Corrections*, 872 A.2d 1127, 1131 (Pa.2005) ("Where discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met."); *Heredia*, 97 A.3d at 395.[6]

*(Footnote Continued)* ─────────────

Dec. 7, 2010, at 2-4. His most recent filing of February 19, 2014, however, only argued the DOC improperly calculated the credit. *See* Petition for Writ of *Habeas Corpus*. Further, in his Rule 1925(b) statement and appellate brief, Appellant only argues the DOC erred in its calculation; he does not challenge the trial court's order. Statement of Matters Complained of on Appeal, at ¶ 3 (Appellant challenges the "prison authorities misinterpretation of the trial court's court-ordered credit for all time served in this case"); Appellant's Brief, at 4-5 (Appellant's "disagreement was not with the trial court's . . . judgment of sentence . . ., but with the Department of Corrections misinterpretation and/or miscalculation" of the credit for time served). Thus, Appellant has waived any claim that the trial court order was ambiguous. *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa.2005) (any issue not in Rule 1925(b) statement is waived); *Commonwealth v. Heggins*, 809 A.2d 908, 912 n.2 (Pa.Super.2002) (issues waived where not contained in statement of questions presented or in any argument portion of the brief).

[6] Appellant has challenged the DOC's calculation in the Commonwealth Court of Pennsylvania at least three times, and the Commonwealth Court has determined the DOC properly calculated his sentence. *Wyatt v. Beard*, 558 MD 2007, 2008 WL 9405258, at *3 (Pa.Cmwlth.Ct. July 25, 2008). The

*(Footnote Continued Next Page)*

Because Appellant's claim is not cognizable under the PCRA or in a petition for writ of *habeas corpus*, we affirm the trial court's dismissal of the petition. ***See Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa.Super.2010) (Superior Court can affirm trial court order on any basis).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015

---

*(Footnote Continued)*

Supreme Court of Pennsylvania affirmed this determination. ***Wyatt v. Beard***, 979 A.2d 847 (Pa. 2009).