J-S12031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               : PENNSYLVANIA
              v.               :
                               :
NEIL I. McCOLLUM,              :
                               :
              Appellant        : No. 839 MDA 2016

Appeal from the Order entered May 2, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0002018-2004

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED MARCH 30, 2017**

Neil I. McCollum ("McCollum"), *pro se*, appeals from the Order dismissing his Petition for Writ of *Habeas Corpus*.  We affirm.

In April 2006, McCollum was convicted of rape of a child and related offenses, stemming from his having repeatedly sexually assaulted the mentally handicapped minor daughter of his then-girlfriend.  McCollum was sentenced to serve an aggregate prison term of 21 to 42 years.  This Court affirmed McCollum's judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal.  *See Commonwealth v. McCollum*, 945 A.2d 765 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 951 A.2d 1162 (Pa. 2008).  In September 2008, McCollum filed a timely Petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which the PCRA court dismissed.  This Court affirmed the dismissal, after which the Supreme Court of Pennsylvania denied allowance of appeal.  *See Commonwealth v.*

*McCollum*, 6 A.3d 572 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 2011 Pa. LEXIS 1126 (Pa. 2011).

In February 2012, McCollum filed a *Habeas Corpus* Petition in the United States District Court for the Middle District of Pennsylvania, which the federal court dismissed. *See McCollum v. Cameron*, 2012 U.S. Dist. LEXIS 88953, 2012 WL 2462294 (M.D. Pa. 2012).

On April 18, 2016, McCollum filed the instant *pro se Habeas Corpus* Petition, wherein he asserted that (1) he was being unlawfully detained, as he was actually innocent and had an alibi defense; and (2) the Commonwealth unlawfully used false evidence against him to obtain his conviction. The trial court dismissed the Petition on May 2, 2016. McCollum timely filed a *pro se* Notice of Appeal, in response to which the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. McCollum timely filed a Rule 1925(b) Concise Statement.

The Statement of Questions Presented section of McCollum's *pro se* brief presents *twenty-one* separate issues, many of which are vague and confusing. *See* Brief for Appellant at C-F. For ease of disposition, we incorporate McCollum's issues herein by reference. *See id.*

The PCRA provides that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* …." 42 Pa.C.S.A.

§ 9542. "Accordingly, if the PCRA offers a remedy for an appellant's claim, it is the sole avenue of relief and the PCRA time limitations apply." ***Commonwealth v. Wyatt***, 115 A.3d 876, 879 (Pa. Super. 2015); ***see also Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (noting that this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." (citation and ellipses omitted)).

In the instant case, the PCRA offers a remedy for the above-mentioned claims that McCollum raised in his *Habeas Corpus* Petition. ***See, e.g., Commonwealth v. Abu-Jamal***, 833 A.2d 719, 728 (Pa. 2003) (where the petitioner filed a *habeas corpus* petition alleging actual innocence, observing that although the PCRA does not use the term "actual innocence" in enumerating cognizable claims, it "specifically states it is intended to provide[] for an action by which persons convicted of crimes they did not commit … may obtain collateral relief.") (citation omitted). Accordingly, McCollum's Petition is properly treated as a second Petition under the PCRA. ***See id.***

McCollum's judgment of sentence became final in October 2008; accordingly, his instant PCRA Petition is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the underlying judgment of sentence becoming final). Moreover, McCollum has failed to plead or prove any of the three exceptions to the PCRA's timeliness requirement in his Petition. ***See id.*** § 9545(b)(1)(i)-(iii) (setting

forth three exceptions to the one-year time bar); *see also Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (stating that "*it is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies. That burden necessarily entails an *acknowledgement by the petitioner that the PCRA petition under review is untimely* but that one or more of the exceptions apply." (citations omitted, emphasis in original)). Accordingly, we lack jurisdiction to review the merits of McCollum's appeal. *See Commonwealth v. Medina*, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*) (stating that timeliness of a PCRA petition is a jurisdictional requisite); *see also Abu-Jamal*, 833 A.2d at 728 (stating that a petitioner's assertion of actual innocence is subject to the PCRA's time-bar)). We therefore affirm the Order of the trial court, which denied McCollum's request for relief.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2017

---

[1] Though the trial court did not treat McCollum's Petition as one filed under the PCRA, we may affirm the decision on any basis. *See Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).