J-S77036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL EDWARD SILUK, JR. | : | |
| | : | No. 804 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order March 30, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004194-2001,
CP-22-CR-0004196-2001, CP-22-CR-0004197-2001,
CP-22-CR-0004198-2001, CP-22-CR-0004199-2001

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 02, 2018**

Appellant Michael Edward Siluk, Jr. appeals from the order of the Court of Common Pleas of Dauphin County denying his *pro se* Petition for Writ of *Habeas Corpus Ad Subjiciendum*.  As the lower court erred in characterizing this *habeas* petition as an untimely petition pursuant to the Post Conviction Relief Act (PCRA),[1] we vacate the order and remand for further proceedings.

In September 2001, Appellant was arrested for the sexual assault of several prostitutes.  Appellant was ultimately convicted of thirteen convictions on five separate criminal dockets, which included four counts of rape, two counts each of aggravated indecent assault, aggravated assault, and robbery,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*   Former Justice specially assigned to the Superior Court.

and one count each of involuntary deviate sexual intercourse, sexual assault, and simple assault.

Prior to sentencing, the Commonwealth notified Appellant that he was subject to the recidivist sentencing statute in 42 Pa.C.S.A. § 9714. At Appellant's sentencing hearing on February 20, 2003, defense counsel informed the sentencing judge that, although three of Appellant's felony sex offenses (one count of sexual assault and two counts of aggravated indecent assault) carried ten-year mandatory minimum sentences under Section 9714, the statutory maximums for these charges were also ten-year terms.

Noting that a flat sentence of ten years' imprisonment would appear to violate 18 Pa.C.S.A. § 9756(b), which states that a minimum sentence must be no more than one half the maximum, defense counsel cited to the Supreme Court's decision in *Commonwealth v. Bell*, 537 Pa. 558, 645 A.2d 211 (1994) to argue that the minimum-maximum requirement would be superseded by the specific statutes setting the mandatory minimum and statutory maximums. *See* Notes of Testimony ("N.T.") Sentencing, 2/20/03, at 19-20. Therefore, defense counsel argued that the trial judge was required to sentence Appellant to flat terms of ten years' imprisonment (with a ten year minimum and ten year maximum) for the relevant charges to satisfy the mandatory minimum and statutory maximum provisions.

On February 20, 2003, the trial court imposed an aggregate sentence of 621 months to 1260 months' imprisonment, which included three flat sentences of ten years' imprisonment for one count of sexual assault and two

counts of aggravated indecent assault. On January 15, 2004, this Court affirmed the judgment of sentence, and on November 5, 2004, our Supreme Court denied Appellant's petition for allowance of appeal.

On October 12, 2005, Appellant filed his first PCRA petition. On January 30, 2006, the PCRA court dismissed the petition. On March 6, 2007, this Court affirmed the PCRA court's order. Appellant did not seek review in the Supreme Court. Thereafter, Appellant filed multiple PCRA petitions that were subsequently denied and have no relevance to the instant petition.

On December 2011, Appellant filed a petition in the Court of Common Pleas which he labeled a "Petition to Correct and/or Modify Illegal Sentence Pursuant to the Court's Inherent Power to Correct an Illegal Sentence." In this filing, Appellant argued that the trial court illegally imposed the three individual flat sentences of ten years' imprisonment. Appellant argued that the trial court should modify the sentences to include a minimum and maximum of ten years. Further, Appellant alleged that the Department of Corrections acted without authority and changed the relevant sentences to ten to twenty years' imprisonment.

On January 11, 2012, the lower court entered an order denying Appellant's petition to modify his sentence, specifically finding that "the sentences imposed on the second degree felonies were mandated under 42 Pa.C.S. § 9714 and lawful under **Commonwealth v. Bell**, 537 Pa. 558, 645 A.2d. 211 (1994)." Order, 1/11/12, at 1.

On April 17, 2014, Appellant filed a petition for mandamus in the Commonwealth Court, requesting that the DOC be compelled to recalculate the relevant sentences to have minimum and maximum terms of ten years' imprisonment. In response, the DOC alleged it had authority to modify the sentence as it previously had received a clarification letter from the sentencing judge indicating that the flat sentences should have been terms of ten to twenty years' imprisonment and confirming that its imposition of flat sentences was an obvious and patent mistake.

On June 5, 2014, the Commonwealth Court dismissed Appellant's petition, reasoning that (1) the trial court has authority to correct clerical sentencing errors and (2) the DOC properly corrected the sentences to ten to twenty years' imprisonment based on the alleged clarification order from the trial court and the fact that the trial court subsequently denied Appellant's petition for modification of his sentence. *See Siluk v. Wetzel*, 524 M.D. 2013 (Pa.Cmwlth. 2014). The Commonwealth Court did not acknowledge that the lower court's January 11, 2012 order stated that the flat sentences imposed were lawful under *Bell*. On February 17, 2015, the Supreme Court affirmed the Commonwealth Court's dismissal of Appellant's mandamus petition in a *per curiam* order. *See Siluk v. Wetzel*, 631 Pa. 285, 110 A.3d 993 (2014).

On August 6, 2015, Siluk filed a petition for "clarification of sentence" in the Court of Common Pleas of Bedford County, arguing that it was illegal to change his flat ten-year sentences to sentences of ten to twenty years'

imprisonment. On September 2, 2015, the lower court dismissed Siluk's filing, which it characterized as a PCRA petition, without a hearing. On August 9, 2016, this Court affirmed the dismissal of Appellant's filing as an untimely PCRA petition.

On February 7, 2017, Appellant, while incarcerated at S.C.I. Rockview, filed this *pro se* Petition for Writ of *Habeas Corpus Ad Subjiciendum*, arguing that the DOC erroneously interpreted the sentence imposed by the trial court. Appellant emphasizes that he does not challenge the lawfulness of the trial court's imposition of flat terms of incarceration at sentencing, and asserts that the trial court never modified these sentences, which were required under this Court's decision in **Bell**. Rather, Appellant argues that the DOC illegally modified the sentences to terms of ten to twenty years' imprisonment as there is no evidence of record showing that the sentencing court ever sent the DOC a clarification letter asking for the sentences to be modified. Moreover, in the alternative, even if the trial court had sent such a modification letter, Appellant asserts that this informal documentation cannot make substantive changes to Appellant's sentence without issuing a sentencing order to that effect.

As an initial matter, we must address Appellant's claim that the lower court erred in finding his petition is cognizable under the PCRA. The PCRA sets forth its scope as follows: "[t]his subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings *or to provide relief from collateral consequences of a criminal conviction*." 42

Pa.C.S.A. § 9542 (emphasis added). In construing this language, this Court has held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence. ***Commonwealth v. Masker***, 34 A.3d 841, 843 (Pa.Super.2011) (*en banc*), *appeal denied,* 616 Pa. 635, 47 A.3d 846 (2012) (case citations omitted) (emphasis in original; some emphasis added).

As Appellant is not challenging the propriety of the sentence imposed by the trial court, his claim is not cognizable under the PCRA. Although the lower court construed Appellant's filing as a PCRA petition, we note that a PCRA petition is not the proper method for contesting the DOC's calculation of sentence. ***Commonwealth v. Heredia***, 97 A.3d 392, 394–95 (Pa.Super. 2014). Rather,

> [i]f the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. *If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of habeas corpus ad subjiciendum lies to the trial court for clarification and/or correction of the sentence imposed.*

***Id***. (citation omitted and emphasis added).

At first glance, it appears the appropriate vehicle for Appellant to address his argument that the DOC erroneously calculated the relevant minimum and maximum sentences would be an original action for mandamus in the Commonwealth Court. ***See Commonwealth v. Wyatt***, 115 A.3d 876, 880 (Pa.Super. 2015) (quoting ***McCray v. Pa. Dept. of Corrections***, 582 Pa. 440, 872 A.2d 1127, 1131 (2005) ("Where discretionary actions and criteria

are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met")).

However, as the facts of this case suggest that Appellant's assertion of error is due to ambiguity in the sentence imposed, it was appropriate for Appellant to seek *habeas* relief. As we set forth above, in its January 11, 2012 order, the lower court denied Appellant's motion to modify his sentence and expressly stated that his sentences imposed on the second degree felonies were lawful under **Bell**, in which the Supreme Court determined that a flat sentence of five years' imprisonment satisfied the mandatory minimum and maximum provisions applicable to the appellee's convictions for trafficking at least fifty pounds of marijuana. While noting that this sentence was inconsistent with the provision in 18 Pa.C.S.A. § 9756(b) requiring courts to impose sentences in which the minimum does not exceed one-half the maximum, the Supreme Court disregarded this section, noting that the minimum-maximum rule was a statutory and not a constitutional provision.

Nonetheless, Appellant claims that the DOC has interpreted Appellant's sentences imposed for the second degree felonies as terms of ten to twenty years' imprisonment, based on its averment that the trial court had acknowledged in a clarification letter that it made a clerical error in Appellant's sentence. Appellant avers that this revision was not made official in an amended sentencing order or documented in any way in the certified record

and even if recorded, rendered his sentences illegal.  We note that the DOC's interpretation of the sentence change as a clerical correction was upheld by the Commonwealth Court in a mandamus action filed by Appellant.  *See Siluk*, *supra*, 524 M.D. 2013.  However, the Commonwealth Court appears to have reached this decision without consideration of the trial court's citation of *Bell.*

While Appellant is asking for relief to compel the DOC to enforce the sentence of record, the facts of this case demonstrate there is ambiguity in the sentence that is currently in place.  Therefore, pursuant to this Court's decision in *Heredia*, Appellant's petition for writ of *habeas corpus ad subjiciendum* was the proper avenue to address this alleged error due to ambiguity in the sentence imposed.[2]  As the lower court incorrectly determined that Appellant's *habeas* petition was a PCRA petition, we must remand to the trial court for clarification and/or correction of the sentence imposed.  *See Heredia*, *supra*.[3]

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

---

[2] We note that Appellant concedes that the DOC's interpretation of the relevant sentences as ten to twenty years' imprisonment did not affect his aggregate sentence as each of the individual sentences in question were set to run concurrently with a ten to twenty year sentence for rape.

[3] A challenge to the denial of a petition for writ of *habeas corpus* is reviewed pursuant to an abuse of discretion standard. *Commonwealth v. Judge*, 591 Pa. 126, 142, 916 A.2d 511, 521 n.13 (2007).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/18