J-S17040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WAYNE CUMMINGS | |
| Appellant | No. 3739 EDA 2016 |

Appeal from the Judgment of Sentence entered October 27, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0003874-2010 &
CP-51-CR-0003875-2010.

BEFORE:  BENDER, P.J.E., LAZARUS, J. and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 16, 2018**

Wayne Cummings appeals from the judgment of sentence imposed following resentencing.  We affirm.

The pertinent facts and procedural history are as follows:  On June 14, 2011, the trial court convicted Cummings for multiple counts of sex offenses he perpetrated on two girls, ages 11 and 12.  On December 2, 2011, the trial court sentenced him to an aggregate term of 7 to 14 years of imprisonment.  Cummings filed a timely appeal to this Court, in which he challenged the trial court's determination that he was a sexually violent predator ("SVP").  We rejected this claim, and affirmed his judgment of sentence in an unpublished memorandum filed on March 27, 2013. ***Commonwealth v. Cummings***, No. 276 EDA 2012.

Thereafter, Cummings filed a timely PCRA petition, in which he asserted that his aggregate 7 to 14 year judgment of sentence included the imposition of mandatory minimum sentence that had been declared unconstitutional in **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016). The Commonwealth agreed that Cummings was entitled to resentencing. Thus, on October 27, 2016, the trial court resentenced Cummings to an aggregate 6 to 12 year judgment of sentence. This appeal follows the denial of Cumming's motion to modify sentence. Both Cummings and the trial court have complied with Pa.R.A.P. 1925.

Cummings raises the following issues on appeal:

Was [Cummings] entitled to a new [SVP] evaluation by the Pennsylvania Sex Offenders [Assessment] Board prior to his resentencing.

[Whether] a sentence requiring lifetime registration for multiple convictions in one proceeding contravenes the Pennsylvania Supreme Court holding in **A.S. v. State Police**, 143 A.3d 896 (Pa. 2016), that such registration requires fist "an act, a conviction and a subsequent act."

Has the [Pennsylvania] Department of Corrections applied the restructured sentence correctly?

Cummings' Brief at 5 (excess capitalization omitted).

In his supporting argument, Cummings concedes that his first two issues were correctly disposed of by the trial court. He nevertheless claims that the "Department of Corrections has calculated the expiration of [his] maximum [sentence pursuant to the new 6-12 year aggregate] incorrectly

and we wish that this opinion could rectify the situation." Cummings' Brief at 9.

Initially, we note that because Cummings did not raise this third claim in his Pa.R.A.P. 1925(b) statement it is waived. ***See generally***, ***See Commonwealth v. Pukowsky***, 147 A.3d 1229 (Pa. Super. 2016). Moreover, absent waiver, the trial court has no authority to grant such relief. Rather, the only procedural avenue by which a criminal defendant can pursue a claim alleging that the Department of Corrections miscalculated his credit for time served is by filing a separate lawsuit in Commonwealth Court. ***See generally***, ***Commonwealth v. Wyatt***, 115 A.3d 876 (Pa. Super. 2015).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/18