**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES STANLEY | : | |
| | : | |
| Appellant | : | No. 2097 EDA 2017 |

Appeal from the Order Entered May 23, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005974-2004

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 01, 2018**

Appellant Charles Stanley appeals from the order entered by the Court of Common Pleas of Delaware County denying his "Petition for Time Credit." We quash this appeal for lack of jurisdiction over the claim.

On April 6, 2006, Appellant was convicted of third-degree murder, aggravated assault, and related offenses.  On June 27, 2006, the trial court sentenced Appellant to an aggregate term of fourteen to twenty-eight years' imprisonment.  On March 14, 2008, this Court affirmed the judgment of sentence and on November 17, 2008, our Supreme Court denied Appellant's petition for allowance of appeal.

On July 22, 2010, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed counsel, who subsequently filed a petition to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988).  The PCRA

_____

\*   Former Justice specially assigned to the Superior Court.

court permitted counsel to withdraw and dismissed Appellant's petition. Appellant did not appeal.

On September 25, 2015, Appellant filed a "Petition Seeking Correction of Sentence Credit for Time Served." The lower court dismissed the petition, noting that the certificate of imposition of judgment of sentence filed on June 30, 2006, states that "[t]he defendant shall receive such credit for time served as he is entitled by the laws of the Commonwealth of Pennsylvania." The lower court instructed Appellant to file an original action in the Commonwealth Court if he wished to raise a challenge regarding the proper calculation of his sentence. Order, 9/29/15, at 1 (citing **Commonwealth v. Wyatt**, 115 A.3d 876 (Pa.Super. 2015).

Thereafter, Appellant did not file an action in the Commonwealth Court, but filed a second PCRA petition alleging that he had received an illegal sentence without the proper award of credit for time served. The PCRA court dismissed the petition as untimely filed. This Court subsequently affirmed the dismissal, recognizing Appellant's challenge to the computation of his sentence by the Department of Corrections (DOC) was not cognizable under the PCRA and finding that there is no ambiguity in Appellant's sentence. **See Commonwealth v. Stanley**, 959 EDA 2016 (Pa.Super. October 31, 2016) (unpublished memorandum). This Court instructed Appellant to file an original action in the Commonwealth Court to raise a challenge to the computation of his sentence. **Id**. (citing **Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa.Super. 2014)).

This Court notes with disapproval that Appellant continued to file similar challenges seeking credit for time served in the Court of Common Pleas, including his "Petition for Time Credit" filed on May 2, 2017. After the lower court dismissed this filing on May 23, 2017, Appellant filed this timely appeal.

This Court is vested with exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas except in those cases within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. 42 Pa.C.S.A. § 742. This Court has determined that "[i]f the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." **Heredia**, 97 A.3d at 395; **see also Wyatt,** 115 A.3d at 879–880 (citing **McCray v. Pa. Dept. of Corrections**, 582 Pa. 440, 872 A.2d 1127, 1131 (2005)) (stating "[w]here discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met"). In addition,

> the Commonwealth Court has held that, where an inmate's petition did not challenge the trial court's sentencing order, and instead challenged only the governmental actions of the clerk of court and corrections officials in the wake of that sentencing order (including clerk's generation of commitment form inconsistent with sentencing order), the trial court lacked jurisdiction over the matter, and the petition was properly filed in the Commonwealth Court."

***Heredia***, 97 A.3d at 305, n. 4 (citations omitted).

Herein, Appellant presents a challenge only to the DOC's computation of the sentence he currently is serving. Therefore, we quash the instant appeal for lack of jurisdiction.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/18