J-S15027-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAFAEL ANGEL OCASIO-MARRERO | : | |
| | : | |
| Appellant | : | No. 1697 WDA 2018 |

Appeal from the Order Entered November 9, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000136-2017,
CP-25-CR-0000183-2018, CP-25-CR-0001721-2017

BEFORE:    GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

JUDGMENT ORDER BY SHOGAN, J.:                    FILED JUNE 18, 2019

Appellant, Rafael Angel Ocasio-Marrero, appeals from the order entered on November 9, 2018, denying his motion for Time Credit and Corrected Commitment.  We are constrained to quash the appeal.

On May 11, 2018, Appellant appeared before the Erie County Court of Common Pleas for a probation-revocation hearing at Erie County Docket Numbers 1721, 136, and 1413 of 2017 and for sentencing at Erie County Docket Numbers 50 and 183 of 2018 and 3425 of 2017.  N.T., 5/11/18, at 10. The trial court summarized the procedure and its findings as follows:

> On May 11, 2018, Appellant was revoked from probation at Docket Numbers 136 of 2017 and 1721 of 2017.  The revocation was due to Appellant's new conviction for Retail Theft (F-3) at Docket Number 183 of 2018.  Appellant was also revoked from probation at Docket Numbers 1413 of 2017, 50 of 2018 and 3425 of 2017.  Appellant was sentenced as follows:

_____

* Retired Senior Judge assigned to the Superior Court.

Docket Number 136 of 2017: 6–23 months of incarceration, consecutive to 1413 of 2017;

Docket Number 183 of 2018: 11–23 months of incarceration, consecutive to 1721 of 2017; and

Docket Number 1721 of 2017: 6–23 months of incarceration.

Appellant was afforded credit for time served at Docket Number 1413 of 2017.

On November 7, 2018, Appellant untimely filed a post-sentence Motion for Time Credit and Corrected Commitment claiming he was not given credit for time served at the above dockets. The Motion was denied by Order of November 9, 2018. Further, Appellant was advised he received appropriate credit for the requested time periods which was applied at Docket Number 1413 of 2017. Appellant is not entitled to duplicate credit. The appeal is meritless.

Trial Court Opinion, 12/27/18, at 1–2.

In denying Appellant's motion, the common pleas court entered an order that contained all three docket numbers in the caption. Appellant's single notice of appeal also contains the three trial court docket numbers. Thus, it is undisputed that Appellant filed a single notice of appeal with issues that allegedly relate to three different lower court docket numbers. The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:

Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 and n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note. In the past, courts of this Commonwealth allowed appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.

> However, in Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), our Supreme Court held—unequivocally—that "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." Id. at 971 (emphasis added). The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "the failure to do so requires the appellate court to quash the appeal." Walker, at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date Walker was filed. Id.

Commonwealth v. Nichols, ___ A.3d ___, 2019 PA Super 128, *2 (Pa. Super. filed April 24, 2019).

The Walker Court mandated that the above requirement would apply only to appeals filed after its filing date of June 1, 2018. Appellant filed his notice of appeal on November 28, 2018. Because Appellant did not file a separate notice of appeal for each lower court docket number, consistent with Walker we are constrained to quash the appeal. See also Nichols, ___ A.3d at ___, 2019 PA Super 128 at *2 (where the order appealed contained three docket numbers and the appellant's single notice of appeal contained three dockets numbers, appeal was quashed for noncompliance with Walker); Commonwealth v. Williams, ___ A.3d ___, 2019 PA Super 81, *2 (Pa. Super. filed March 20, 2019) (where the appellant's pro se notice of appeal

containing multiple docket numbers was filed on June 4, 2018, at the earliest,

appeal was quashed in accordance with Pa.R.A.P. 341 and Walker).[1]

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/2019

_____

[1] In addition, we note that challenges to the computation of credit for time served, as here, should be raised in an original action in the Commonwealth Court. Commonwealth v. Wyatt, 115 A.3d 876, 879 (Pa. Super. 2015); see also Commonwealth v. Perry, 563 A.2d 511, 512–513 (Pa. Super. 1989) (calculation of time-served is determined by the Pennsylvania Department of Corrections ("DOC"), and any challenge to the DOC's computation of time must be brought in an original action in the Commonwealth Court).