J-S40036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRICK RHODES | : | |
| | : | |
| Appellant | : | No. 988 EDA 2020 |

Appeal from the Order Entered March 9, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005564-2015

BEFORE: SHOGAN, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.: **FILED SEPTEMBER 23, 2020**

Appellant, Derrick Rhodes, *pro se*, appeals from the order entered March 9, 2020, denying his "Motion for Time Credit." We affirm.

On May 3, 2016, at Docket Number CP-23-CR-0005564-2015, Appellant pleaded guilty before the Court of Common Pleas of Delaware County to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance.[1] He was immediately sentenced to two years of probation. Appellant did not file any post-sentence motions, a direct appeal, or a petition under the Post Conviction Relief Act ("PCRA").[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 42 Pa.C.S. §§ 9541–9546.

On June 14, 2017, Appellant was arrested in Philadelphia. On June 19, 2017, the Court of Common Pleas of Delaware County issued a detainer for Appellant due to this Philadelphia arrest.

On June 19, 2018, at Docket Number CP-51-CR-0007497-2017, Appellant pleaded guilty before the Court of Common Pleas of Philadelphia County to: persons not to possess, use, manufacture, control, sell or transfer firearms; and knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered.[3] On August 24, 2018, he was sentenced to three to six years of confinement followed by four years of probation. Appellant again did not file any post-sentence motions, direct appeal, or PCRA petition.

On January 10, 2019, Appellant's Delaware County probation was revoked, because (1) Appellant was convicted of the above offenses in Philadelphia; (2) he tested positive for and admitted to using marijuana and oxycodone while on probation; and (3) he failed to report to his agent on January 17, 2017, April 10, 2017, and June 1, 2017. Trial Court Opinion, dated April 23, 2020, at 1. Appellant was resentenced to one to two years of confinement to be served consecutively to his Philadelphia County sentence with "any time credit to be apportioned, calculated and applied by" DOC. **_Id._**

---

[3] 18 Pa.C.S. § 6105(a)(1) and 35 P.S. § 780-113(a)(16), respectively.

On August 19, 2019, Appellant filed a "Motion for Time Credit" in the Court of Common Pleas of Delaware County, alleging that the DOC had failed to award him credit for time served. On March 9, 2020, the trial court denied his motion. On March 25, 2020, Appellant filed this timely direct appeal.[4]

Appellant's *pro se* appellate brief does not include a statement of questions involved pursuant to Pa.R.A.P. 2116.[5] However, we can easily discern that Appellant contends that he "did not get credit [for his] detainer time" on the Delaware County sentence. Appellant's Brief at 1.

The appropriate vehicle for challenging a computation of sentence by the DOC is filing an original action in the Commonwealth Court, not a motion in the trial court. *See McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005); *Commonwealth v. Wyatt*, 115 A.3d 876, 877, 879-80 (Pa. Super. 2015); *Commonwealth v. Heredia*, 97 A.3d 392, 393, 395 (Pa. Super. 2014); *Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992); *Commonwealth v. Perry*, 563 A.2d 511, 512-13 (Pa. Super. 1989). Accordingly, the trial court could not hear Appellant's motion, and we consequently affirm the order denying his motion.

Order affirmed.

---

[4] The trial court did not order and Appellant did not file a statement of errors complained of on appeal. The trial court entered its opinion on April 23, 2020.

[5] In fact, the only sections in Appellant's brief are a procedural history, argument, and conclusion. Accordingly, his brief violates Pa.R.A.P. 2111(a).

- 4 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>9/23/2020</u>