J-S31005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SAUL ALVAREZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH TERRA | : | No. 782 EDA 2023 |

Appeal from the Order Entered December 1, 2022
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-09460-MJ

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                        **FILED OCTOBER 4, 2023**

Appellant, Saul Alvarez, appeals from the December 1, 2022 order dismissing his petition for writ of *habeas corpus ad subjiciendum* and petition for leave to proceed *in forma pauperis*.  We affirm, albeit on different grounds.[1]

The facts and procedural history of this case are as follows.  Appellant initiated the present matter on November 29, 2022 by filing a petition for writ of *habeas corpus ad subjiciendum* and petition for leave to proceed *in forma pauperis*.  In Appellant's petition for *habeas corpus*, he sought relief regarding his sentences imposed at the following criminal dockets: CP-15-CR-0003051-2007 (hereinafter, "Docket Number 3051-2007") and

_____

[1] It "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." ***Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (quotation omitted).

CP-15-CR-0001959-2013 (hereinafter, "Docket Number 1959-2013"). Appellant alleged that the trial court failed to "award him []credit for time served prior to his [v]iolation of [p]robation" and, as such, issued an illegal sentence. Appellant's Petition, 11/29/22, at 5. Appellant also set forth claims of ineffective assistance of counsel. *Id*. at 9-14.

On December 1, 2022, the trial court entered an order dismissing Appellant's petition for *habeas corpus* relief pursuant to Pa.R.Civ.P. 240(j)(1) ("If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous."). The trial court did so based upon its conclusion that "the relief requested [was] only cognizable pursuant to the Post Conviction Relief Act [("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]" and that, "as presented, th[e] action lack[ed] an arguable basis in law and fact." Trial Court Order, 12/1/22, at 1, n.1. The trial court also dismissed Appellant's petition for leave to proceed *in forma pauperis* as moot. Trial Court Order, 12/1/22, at 1. Thereafter, on February 9, 2023, Appellant filed an application for leave to file an appeal *nunc pro tunc*, which the trial court granted the next day. Trial Court Order, 2/10/23, at 1. This appeal followed.

Appellant raises the following issues on appeal:

1. Whether the trial court abused its discretion and/or committed an error of law in denying and dismissing Appellant's petition for writ of *habeas corpus ad subjiciendum* without a hearing or issu[ing] a rule to show cause?

2. Why this appeal should not be transferred to the Commonwealth Court?

3. Did the sentencing court err as a matter of law or fact when it sentenced [Appellant] in violation of 42 Pa.C.S.[A.] § 9760(1) by not awarding [Appellant] credit for time served prior to his violation of probation?

4. Did the trial court err as a matter of law when it s[e]ntenced [Appellant] in violation of 42 Pa.C.S.[A.] § 9725[] by failing to regard the nature and circumstances of the crime and the history, character and condition of [Appellant]?

Appellant's Brief at 4 (superfluous capitalization omitted, emphasis added).

When confronted with a filing styled as a petition for *habeas corpus*, but which sets froth claims cognizable under the PCRA, this Court has previously stated:

It is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief. [T]he PCRA is intended to be the sole means of achieving post-conviction collateral relief. If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition and cannot be raised in a petition for writ of *habeas corpus*. In other words, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*. Moreover, regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.

*Commonwealth v. Fantauzzi*, 275 A.3d 986, 994–995 (Pa. Super. 2022) (internal quotations, citations and brackets omitted).

- 3 -

Appellant, on November 29, 2022, filed a petition titled "writ for *habeas corpus ad subjiciendum*," arguing that, because the trial court failed to award him with credit for time served, the trial court issued an illegal sentence. Appellant's Petition, 11/29/22, at 5-9. In addition, Appellant raised various claims of ineffective assistance of counsel. *Id*. at 9-14. Thus, Appellant's submission set forth issues cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i) (authorizing collateral relief where conviction or sentence results from violation of Pennsylvania Constitution or the Constitution or laws of the United States); *Commonwealth v. Wyatt*, 115 A.3d 876, 879 (Pa. Super. 2015) ("It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.") (citation omitted); *see also* 42 Pa.C.S.A. § 9543(a)(2)(ii) (authorizing collateral relief where conviction or sentence results from ineffective assistance of counsel). As such, the court was required to treat Appellant's filing as a PCRA petition. *See Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition") (citation omitted); *see also Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) ("Generally, the PCRA 'shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*.'") (quotation

and citation omitted). Therefore, before considering the merits of Appellant's submission, we must first determine whether it is timely under the PCRA's jurisdictional time-bar.

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). Judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Herein, Appellant's petition related to two criminal dockets: Docket Number 3051-2007 and Docket Number 1959-2013. Upon review, we conclude that Appellant's judgment of sentence at Docket Number 3051-2007 became final on January 9, 2008, when the 30-day time period for filing a direct appeal to this Court expired after the Appellant entered his guilty plea and the trial court issued its sentence. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 903 (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). In addition, we conclude that Appellant's judgment of sentence at Docket Number 1959-2013 became final on June 12, 2014, when the 30-day time period for filing a direct appeal to this Court expired after the Appellant entered his guilty plea and the trial court issued its sentence. **See id.** Based upon the foregoing, we conclude that Appellant's current petition, filed on November 29, 2022, is patently untimely, as it was filed more than 14 years after his judgment of sentence at Docket Number 3051-2007 became final

and eight years after his judgment of sentence at Docket Number 1959-2013 became final.

There are, however, three exceptions to the one-year PCRA time-bar, set forth at 42 Pa.C.S.A. § 9545(b)(1). Indeed, Section 9545(b) provides that, to surmount the PCRA's timeliness requirements, a petitioner must allege and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant makes no attempt to plead and prove, much less invoke, one of the enumerated exceptions to the PCRA's time-bar. As indicated above, the PCRA is "the sole means of achieving post-conviction collateral relief" and Appellant "cannot escape the PCRA time-bar by titling his petition . . . as a writ of *habeas corpus*" and baldly asserting its jurisdictional

requirements are inapplicable. ***Fantauzzi***, 275 A.3d at 995 (citation omitted). Because Appellant's petition was untimely and because he failed to properly invoke an exception to the PCRA's timeliness requirements, neither the trial court nor this Court has jurisdiction over the instant claims for collateral relief, including all claims alleging that trial counsel was ineffective or that the trial court imposed an illegal sentence.[2]   Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 4, 2023

---

[2] Appellant, of course, remains free to litigate claims before the Commonwealth Court which challenge the Department of Corrections calculation of his sentence. ***See Wyatt***, 115 A.3d at 879 ("If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation") (citation omitted).