J-S11024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE M. CLASSEN | : | |
| | : | |
| Appellant | : | No. 163 EDA 2023 |

Appeal from the PCRA Order Entered December 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000361-2015

BEFORE: BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 16, 2024**

Jose M. Classen appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. Classen's counsel has filed a ***Turner/Finley***[1] brief and a petition to withdraw as counsel. We affirm the order dismissing Classen's PCRA petition and grant counsel's petition to withdraw.

This Court previously set forth the facts as follows:

> On February 26, 2016, Classen entered a non-negotiated guilty plea to Possession of a Firearm Prohibited. On June 16, 2016, the court sentenced Classen to 11½ to 23 months' incarceration, followed by three (3) years of probation. Classen was paroled to house arrest, which he completed in February 2017.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

> While on probation, Classen was arrested and charged with offenses related to the straw purchase of a firearm. A jury convicted him of conspiracy for making false statements on federal firearm forms to purchase firearms. The court sentenced Classen to three and a half to seven years of incarceration.
>
> On October 5, 2020, the court held a violation of probation ("VOP") hearing. The Commonwealth and Classen's counsel agreed that Classen's conviction constituted a direct violation of his probation. The court imposed a new sentence of four to eight years in prison, with credit for time served.

*Commonwealth v. Classen*, No. 2153 EDA 2020, 2022 WL 152474, at *1 (Pa.Super. filed Jan. 18, 2022) (unpublished mem.) (footnotes and citations omitted).

Classen filed a direct appeal of his judgment of sentence. This Court affirmed in January 2022. *See id.* Classen filed the instant, counseled PCRA petition in May 2022. Classen claimed that despite the court ordering that he was to receive credit for time served, the Court Commitment form reflected zero days of credit. *See* PCRA Petition, filed May 16, 2022, at ¶ 5. He sought an order awarding him time credit from April 12, 2018 to October 5, 2020, arguing that he had "been needlessly incarcerated beyond his court sentence[.]" *Id.* at ¶ 6. After issuing its notice of intention to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907, the court dismissed Classen's petition.

Classen filed a timely *pro se* notice of appeal. The court appointed counsel to represent Classen on appeal. The court ordered Classen to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

1925(b). In April 2023, in lieu of filing a Rule 1925(b) statement, counsel filed a statement of intent to file a *Turner/Finley* brief pursuant to Pa.R.A.P. 1925(c)(4). The court issued a Rule 1925(a) opinion concluding that Classen's issue is meritless.

On October 1, 2023, counsel filed a *Turner/Finley* brief and a petition to withdraw with this Court. Classen did not file a response to counsel's petition to withdraw.

Counsel identifies the following issue in the *Turner/Finley* brief: "[Did] the PCRA court err[] in finding that [Classen] was not entitled to time-credit considering the failure to award such credit would render the sentence beyond the statutory maximum[?]" *Turner/Finley* Brief at 2.

Before addressing the merits, we first must determine whether counsel has satisfied the procedural requirements of a motion to withdraw. A *Turner/Finley* brief must detail the nature and extent of counsel's review, list each issue the petitioner wishes to have reviewed, and provide an explanation of why the petitioner's issues are meritless. *Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa.Super. 2011). Counsel also must contemporaneously send to the petitioner a copy of the "no-merit" letter/brief, a copy of counsel's motion to withdraw, and a statement advising the petitioner of the right to proceed *pro se* or with new counsel. *Id.* If counsel satisfies the technical requirements, this Court must conduct its own review of the merits of the case. *Commonwealth v. Wrecks*, 931 A.2d 717, 721

- 3 -

(Pa.Super. 2007). If we agree with counsel that the claims are without merit, we will allow counsel to withdraw and deny relief. ***Id.***

Here, counsel has substantially complied with the requirements of ***Turner/Finley***. Counsel detailed his review of the record and concluded that Classen's claim is meritless. He also provided the ***Turner/Finley*** brief to Classen and advised him of his right to retain new counsel or proceed *pro se*. Counsel additionally provided Classen with a copy of the petition to withdraw. Thus, we proceed to the issue counsel has identified.[2]

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We conclude the PCRA court properly dismissed Classen's PCRA petition because his claim is not cognizable under the PCRA. Although Classen's claim is framed as being needlessly incarcerated beyond his sentence, it is more appropriately a claim that the Department of Corrections' ("DOC") failed to follow the court's sentence that ordered he receive time credit. ***See*** PCRA Petition, at ¶ 5 (stating, "Despite the Probation/Parole Order stipulating

_____

[2] Counsel's initial ***Turner/Finley*** letter to Classen was deficient because it improperly framed Classen's ability to respond to counsel's petition to withdraw as contingent on the granting of counsel's petition to withdraw. On December 19, 2023, this Court entered an order directing counsel to send a new letter advising Classen of the immediate right to proceed *pro se* or with privately retained counsel. Counsel complied with this order on February 28, 2024.

[Classen] was to receive time credit, the Court Commitment reflects zero (0) days' time credit").

This Court has explained the different claims an appellant may raise regarding credit for time served and the procedures for raising such claims:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Commonwealth v. Wyatt***, 115 A.3d 876, 879 (Pa.Super. 2015) (cleaned up).

Here, the sentencing court expressly granted Classen credit for time served and stated, "Credit to be calculated by the Phila. Prison System." **See** Revocation of Probation/Parole Order, 10/5/20; **see also** N.T. Sentencing, 10/5/20, at 26 (sentencing court stating, "I am going to give you credit for the two years you served"). Classen is claiming that the DOC failed to follow the court's sentence in awarding him time-served credit. Thus, any claim to the legality of the sentence is inaccurate. The appropriate way for Classen to challenge the purported failure to credit him for time served is an original action filed in Commonwealth Court. **See Wyatt**, 115 A.3d at 880. Since

- 5 -

Classen's claim is not cognizable under the PCRA, we affirm the court's dismissal of the petition.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2024