J-S04014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RONALD M. PETTIS | : | |
| | : | |
| Appellant | : | No. 900 MDA 2018 |

Appeal from the Order Dated February 6, 2017,
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002073-2015,
CP-22-CR-0003727-2015

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                     **FILED JUNE 26, 2019**

Appellant, Ronald M. Pettis, appeals from an order entered on February 6, 2017, at trial court docket numbers 2073 CR 2015 and 3727 CR 2015.[1]  Notice of Appeal, 5/31/18.[2]  After careful review, we affirm in part,

_____

[1]  On June 22, 2018, this Court issued a Rule to Show Cause why this appeal should not be transferred to the Commonwealth Court pursuant to **Commonwealth v. Wyatt**, 115 A.3d 876, 879 (Pa. Super. 2015) (challenges to the computation of credit for time served should be raised in an original action in the Commonwealth Court).  In Appellant's response, he framed his argument as follows: "his revocation dockets had expired prior to his revocation hearing being held as well as . . . his time credit."  Appellant's Response to Rule, 7/11/18, at unnumbered 1-2.  This Court discharged the Rule and referred the issue to this panel.  Order, 7/13/18.

[2]  Appellant filed a single notice of appeal on May 31, 2018, which included trial court docket numbers 2073 CR 2015 and 3727 CR 2015.  We note that on June 1, 2018, our Supreme Court held that, prospectively, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of

_____

*   Former Justice specially assigned to the Superior Court.

without prejudice to Appellant's ability to pursue relief in an original action in

Commonwealth Court.

The trial court set forth the following procedural and factual background:

On May 18, 2016, Appellant pleaded guilty at [dockets 2073 CR 2015 and 3727 CR 2015]. He was committed to the Department of Corrections for a State Intermediate Punishment [("SIP")] evaluation. On September 26, 2016, a hearing was held regarding his SIP evaluation, and he was denied entry into the program. Thereafter on October 25, 2016, he was sentenced on [dockets 2073 CR 2015 and 3727 CR 2015] and revoked on dockets 3474 CR 2014 and 4097 CR 2014.

It is important to note that Appellant was arrested on probation violations for the revocation dockets on April 28, 2015. On October 25, 2016, the probation officer present for the revocation hearing indicated that Appellant maxed out of his detainer docket at 3474 CR 2014 on September 12, 2016. Further, he maxed out of the 4097 CR 2014 docket in September of 2015 ([the trial court questioned] the probation officer as his exact words were "That docket, as well, maxed September of 2015" and he did reiterate 2015). Therefore[,] this [c]ourt closed both of those cases indicating that all the time credit he had (19 months and 6 days) would go towards those dockets.

The public defender then asked if Appellant would get the time credit he was entitled to on the new charges, which was April 28, 2015 to October 25, 2016. This created confusion as the time from April 28, 2015 to September 12, 2016 went towards his revocation dockets. There was further confusion over whether the time from September 12, 2016 to October 25, 2016 was available to Appellant for his 2015 dockets. Ultimately[, the trial court] granted him time credit on both of the 2015 dockets for one month and nine days. In reviewing this, with the benefit of a calculator, we do realize that September 12, 2016 to October 25, 2016 is actually one month and 13 days which should have been credited towards his 2015 dockets.

_____

the appeal." ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018). Because Appellant's consolidated notice of appeal in this matter was filed prior to our Supreme Court's June 1, 2018 decision in ***Walker***, we need not quash.

Following the October 2016 sentencing and revocation, Appellant filed an application for time credit on November 7, 2016. The Commonwealth failed to respond as ordered so a hearing was scheduled for January 17, 2017. Due to a variety of continuances, the hearing was ultimately held February 6, 2017. Following the hearing, the Application for Time Credit was denied. On March 2, 2017, Appellant filed a second Application for Time Credit which was denied on March 9, 2017.

On March 17, 2017, this [c]ourt received a timely Notice of Appeal filed with the Superior Court of Pennsylvania [at Superior Court docket number] (534 MDA 2017). This [c]ourt ordered Appellant on March 29, 2017, to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Sometime thereafter, this [c]ourt realized that Appellant was proceeding *pro se* without the benefit of a hearing pursuant to Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998), and thus we scheduled and held a Grazier hearing, on June 13, 2017. After the Grazier [hearing], we appointed Wendy J.F. Grella, Esquire ("Attorney Grella") to represent Appellant, and we issued an order directing Appellant [to file a] concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant, through Attorney Grella, complied with said Order on [June 26], 2017.

On August 22, 2017, in association with Appellant's appeal to the Superior Court at Docket Number 534 MDA 2017, this [c]ourt issued a memorandum opinion as required by Pa.R.A.P. 1925(a). In that memorandum opinion, we requested that the Superior Court . . . uphold and affirm our various orders denying time credit in so far as, the time from April 28, 2015 – September 12, 2016, was put towards his revocation dockets. However, realizing that we should have granted Appellant one month and 13 days of time credit towards the 2015 dockets rather than the one month and 9 days that we originally granted him, we asked the Superior Court to remand the case back to us so that we could correct and amend Appellant's sentence as such.

For reasons unknown to [t]his [c]ourt, Attorney Grella's appointment as Appellant's counsel was never entered in the Superior Court of Pennsylvania, and by letter dated January 5, 2018, the Superior Court dismissed Appellant's appeal at Docket 534 MDA 2017 for failure to file a brief. Nonetheless, on January 19, 2018, this [c]ourt entered an amended sentencing

order rectifying our previous error and granting Appellant . . . the one month and 13 days of time credit to which he was entitled towards the 2015 dockets.

On May 15, 2018, Appellant, through Attorney Grella, filed an unopposed motion to reinstate his appellate rights [*nunc pro tunc*] which we granted on May 22, 2018. Thereafter, on May 31, 2018, Appellant filed a Notice of Appeal to the Superior Court, and the instant appeal was docketed in the Superior Court at 900 MDA 2018.

Trial Court Opinion, 8/8/18, at 1-3.

On appeal, Appellant raises the following issues:

1. Whether the trial court erred in conducting a revocation hearing for Appellant when his revocation dockets had expired or "maxed out" prior to this revocation hearing being held?

2. Whether the trial court erred in failing to provide Appellant with the appropriate time credit towards his sentence(s)?

Appellant's Brief at 4 (full capitalization omitted). Prior to addressing the issues Appellant raised, we address the procedural morass and pervasive confusion regarding the proceedings in this matter.

Despite the reinstatement of Appellant's direct appeal rights and the assistance of counsel, Appellant filed an appeal *nunc pro tunc*, not from the March 9, 2017 order as he had done in the first instance, but from orders entered on January 18, 2017, and February 6, 2017. Notice of Appeal, 5/31/18. Although the February 6, 2017 order denied one of Appellant's earlier petitions for credit for time served at trial court docket numbers 2073 CR 2015 and 3727 CR 2015, the January 18, 2017 order merely scheduled a

hearing on Appellant's petition for time credit. Thus, it is unclear why both orders are listed on Appellant's counseled notice of appeal.

It may be of no moment whether Appellant appealed from the February 6, 2017 order or from the March 9, 2017 order. Both of those orders denied *pro se* petitions for time credit, and the trial court's order reinstating Appellant's direct appeal rights did not specify which order was appealable. Order, 5/22/18. However, for purposes of our discussion, we conclude that the relevant order noted in Appellant's May 31, 2018 notice of appeal is the February 6, 2017 order denying Appellant's application for time credit.

There is also ambiguity as to what occurred at the revocation hearing, and we agree with the trial court that there is some "confusion." Trial Court Opinion, 8/8/2018, at 2. It appears that the trial court applied the credit for time served from April 28, 2015, to October 25, 2016, to the "closed" dockets at 3474 CR 2014 and 4097 CR 2014.[3] Trial Court Opinion, 8/8/18, at 1. It is not clear if the award of time credit caused the two 2014 sentences to max out, or whether the trial court applied time credit toward sentences that had already maxed out. Moreover, it is unclear if both 3474 CR 2014 and 4097 CR 2014 maxed out in September of 2015, or if one maxed out in 2016. Trial Court Opinion, 8/8/18, at 1; Commonwealth's Brief at unnumbered 5.

---

[3] The certified record contains a scarcity of information relative to trial court docket numbers 3474 CR 2014 and 4097 CR 2014, despite their applicability to the instant appeal.

Appellant avers that the sentence at trial court docket number 3474 CR 2014 maxed out on September 12, 2016, and that the sentence at 4097 CR 2014[4] maxed out in September of 2015. Appellant's Brief at 10. However, Appellant provides absolutely no guidance in this matter, neglects to cite to any portion of the certified record, and fails to set forth any cogent argument. Accordingly, we conclude that Appellant's first issue, wherein he avers that the trial court erred in conducting a revocation hearing on probationary terms that had expired, is waived. *See Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that when the appellant fails to adequately develop an argument the issue is waived).

Although we conclude that Appellant's first issue is waived, to the extent that we are able and in an abundance of caution, we briefly address whether there was any illegality surrounding Appellant's sentence following the revocation hearing. *See Commonwealth v. Ramos*, 197 A.3d 766, 768 (Pa. Super. 2018) (the legality of a sentence cannot be waived, given proper jurisdiction, and this Court can review the legality of a sentence *sua sponte*). Issues relating to the legality of a sentence are questions of law, and our standard of review is *de novo* and our scope of review is plenary. *Id.* at 768-669 (citation omitted).

---

[4] In his brief, Appellant refers to this case as docket number 497 CR 2014 instead of 4097 CR 2014. Appellant's Brief at 10. We conclude that this was merely a typographical error.

Aside from a block quote from the Pennsylvania Code, Appellant's argument on his first issue consists of a mere six sentences. Appellant's Brief at 10. Moreover, we reiterate that despite Appellant filing certain documents *pro se*, the trial court ultimately appointed counsel, and Appellant remains counseled on appeal. Still, counsel did not file an appeal from the judgment of sentence at any of the relevant trial court docket numbers or the amended judgment of sentence entered on January 19, 2018. Further, counsel did not file a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, raising a cognizable claim that any of his sentences were illegal.[5]

Nevertheless, if the probationary sentences at trial court docket numbers 4097 CR 2014 and 3474 CR 2014 expired prior to the probation revocation hearing, and if the trial court did in fact revoke probation at those docket numbers, the revocation was not illegal. Probation may be revoked

_____

[5] We point out that an issue regarding legality of sentence may be lost if it is not presented in a timely PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). In his brief, Appellant sets forth the standard of review for appeals involving a challenge to the denial of PCRA relief, Appellant's Brief at 2; however, there was no PCRA petition filed and there was no argument that any of Appellant's *pro se* filings should have been deemed a PCRA petition.

even after the probationary sentence expires if, as here,[6] the violation occurred during the probationary term. **Commonwealth v. Smith**, 860 A.2d 142, 145 (Pa. Super. 2004). Accordingly, based on the record before us, there does not appear to be any issue concerning the legality of any of Appellant's sentences.

In Appellant's second issue, he avers that the trial court erred in failing to provide the proper credit for time served. Appellant's Brief at 4. We conclude that Appellant has presented merely a boilerplate challenge to the computation of credit for time served. This claim was not properly before the trial court; the appropriate vehicle for redress is the filing of an original action in the Commonwealth Court. **Commonwealth v. Wyatt**, 115 A.3d 876, 879 (Pa. Super. 2015).

For the reasons set forth above, we conclude that Appellant waived his first issue concerning the trial court's authority to conduct a revocation hearing due to his failure to develop an argument. To the extent we are able to review the issue, we discern no illegality in the sentence imposed following revocation of Appellant's probation on his 2014 sentences, even though it appears the 2014 sentences of probation may have expired at the time of resentencing. Finally, Appellant's challenge to the computation of credit for time served

---

[6] Appellant was arrested on April 28, 2015, for the charges at trial court docket numbers 2073 CR 2015 and 3727 CR 2015. At that time, it appears Appellant was on probation for his sentences at trial court docket numbers 4097 CR 2014 and 3474 CR 2014. N.T., 10/25/16, at 2; N.T., 2/6/17, at 2.

following the revocation of probation should be raised in the Commonwealth Court. ***See generally Commonwealth v. Perry***, 563 A.2d 511, 514 (Pa. Super. 1989) (affirming the denial of PCRA relief without prejudice to the appellant's right to pursue his challenge to the computation of time credit in an original action in the Commonwealth Court).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/26/2019