J-S14040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY BRIAN STETTER | : | |
| | : | |
| Appellant | : | No. 996 WDA 2021 |

Appeal from the PCRA Order Entered July 28, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010721-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY STETTER | : | |
| | : | |
| Appellant | : | No. 997 WDA 2021 |

Appeal from the PCRA Order Entered July 28, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006982-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY STETTER | : | |
| | : | |
| Appellant | : | No. 998 WDA 2021 |

Appeal from the PCRA Order Entered July 28, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006819-2006

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: MAY 23, 2022**

Jeffrey Brian Stetter (Stetter) appeals from the July 28, 2021 order of the Court of Common Pleas of Allegheny County (PCRA court) dismissing his petition filed pursuant to the Post-Conviction Relief Act and his motion to enforce plea agreement.[1]  We affirm.

## I.

We glean the following facts from the certified record.  On June 9, 2009, Stetter entered a global plea agreement to dispose of the three above-captioned cases.  In the lead case (Case 6982), he pled guilty to robbery and two counts of simple assault in exchange for a negotiated sentence of 7-to-14 years' imprisonment.[2]  The Commonwealth agreed not to seek the 10-year mandatory minimum sentence.  In the other two cases (Case 0721[3] and Case

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*  As discussed in more detail *infra*, Stetter initially filed a PCRA petition but later amended the petition to raise a contact-based claim to enforce his plea agreement.  Motions to enforce plea agreements do not fall within the ambit of the PCRA.  **See *Commonwealth v. Kerns***, 220 A.3d 607, 612 (Pa. Super. 2019)

[2] 18 Pa.C.S. §§ 3701(A)(1)(i) & 2701(A)(1), (3).

[3] At this docket, Stetter pled guilty to burglary.  18 Pa.C.S. § 3502(a).

6819[4]), he entered open guilty pleas with sentences to be determined by the court that would be imposed concurrently to the sentence in Case 6982.

The trial court imposed the 7-to-14-year sentence in Case 6982 with "credit for time served from the date of the last commitment." Notes of Testimony, 6/9/09, at 13. In Cases 0721 and 6819, it sentenced Stetter to 5-to-10 years' imprisonment on the counts of burglary, to be served concurrently to each other and the sentence in Case 6982. The trial court ordered that Stetter was "entitled to credit on all three sentences from the date of first commitment on all six informations."[5] *Id.* at 13. Stetter did not appeal.

Approximately nine years later, Stetter filed a *pro se* petition for time credit in Case 6982 requesting 1,365 days of credit for time spent in pretrial detention. In September 2018, Stetter again filed a *pro se* motion for time credit, this time listing all three dockets at issue in this appeal and an additional case (Case 2814) for which he had been sentenced to a consecutive 10-to-20 years' imprisonment. Counsel had been appointed to represent

---

[4] At this docket, Stetter pled guilty to burglary, criminal trespass and theft by unlawful taking. 18 Pa.C.S. §§ 3502(a), 3503(A)(1)(i) & 3921(a).

[5] The global plea also included guilty pleas in three additional cases for which Stetter received no further penalty. Those cases are not at issue in this appeal.

Stetter in his PCRA proceedings in Case 2814 and sought to be appointed in the instant cases to litigate Stetter's claim.

On July 26, 2020, counsel filed an amended post-conviction relief act petition in the instant cases claiming that the Department of Corrections (DOC) had recalculated his minimum and maximum sentences after his sentencing in Case 2814, but had failed to credit time served in all three cases. Stetter argued that these calculations were inconsistent with the trial court's sentencing orders and, as a result, his sentences were no longer truly concurrent. He asked the PCRA court to order the DOC to recalculate the sentences so that they were imposed concurrently.

Stetter also argued that he had been deprived of the benefit of his plea bargain by the DOC's recalculation of his maximum and minimum sentence dates. Because his negotiated plea required the sentences in the three cases to be imposed concurrently, he contended that his plea was not honored when the DOC recalculated his time credit. He acknowledged that this claim does not fall within the ambit of the PCRA, but stated that he included it with his PCRA petition for the sake of efficiency.

In support of the petition, Stetter attached a DOC calculation form dated April 15, 2010, which listed the three sentences at issue in this appeal and the consecutive 10-to-20-year sentence he received in November 2009. The form calculated Stetter's controlling minimum date as April 14, 2025, and the

controlling maximum date as April 14, 2042. The form set forth Stetter's time credit in the instant cases as follows:

| Case Number | Time Credit | Effective Date | Expiration of Minimum | Expiration of Maximum |
|---|---|---|---|---|
| Case 6982 | 4/14/08—6/9/06 | 4/14/08 | 4/14/2025 | 4/14/2042 |
| Case 0721 | 6/14/05; 4/14/08—6/9/06 | 4/13/08 | 4/13/13 | 4/13/18 |
| Case 6819 | 3/15/06—4/27/06; 11/5/06—10/11/07; 4/14/08—6/9/06 | 3/25/07 | 3/25/12 | 3/25/17 |

The maximum and minimum dates for the lead case, Case 6982, were calculated in conjunction with the 10-to-20-year sentence that was later imposed consecutively in Case 2814. Accordingly, the calculations for Case 6982 in the table above include both the 7-to-14-year sentence imposed in that case and the consecutive 10-to-20-year sentence imposed in Case 2814.

The Commonwealth filed a response arguing that Stetter's claims were not cognizable under the PCRA. It contended that filing an original action in the Commonwealth Court would be the proper vehicle for challenging the DOC's calculation of Stetter's time served, as Stetter had not pled that the trial court had imposed an illegal sentence by failing to award time credit. It further argued that the motion to enforce a plea agreement should be

dismissed because Stetter had conceded that the PCRA was not the appropriate vehicle for such a claim.

The PCRA court agreed with the Commonwealth's reasoning and issued a notice of intent to dismiss the petition without a hearing. It concluded that Stetter was required to pursue his time credit claim in the Commonwealth Court, but did not address his motion to enforce the plea agreement. In a footnote, it stated that upon review, it believed the DOC calculations were accurate. Stetter filed objections to the notice and the PCRA court subsequently dismissed the petition. Stetter timely appealed and he and the PCRA court have complied with Pa. R.A.P. 1925.

## II.

Stetter raises two issues on appeal: whether the PCRA court erred in dismissing his petition without a hearing because the DOC had refused to comply with the sentencing order when calculating his time credit, and whether the PCRA court erred by applying the PCRA's jurisdictional time-bar to his motion to enforce his plea agreement.[6]

_____

[6] "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." **Commonwealth v. Brown**, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

**A.**

In his first argument, Stetter baldly asserts that "the DOC recalculated his sentence in a way that no longer gave full effect to the sentence imposed by [the trial court]." Stetter's Brief at 13. He contends that because the DOC calculated different minimum and maximum sentences for each case, it must not have imposed the sentences concurrently. He does not address the PCRA court's conclusion that the PCRA is not the correct vehicle to pursue this claim.

As the PCRA court recognized, in **Commonwealth v. Heredia**, 97 A.3d 392, 394-95 (Pa. Super. 2014), this Court held that the PCRA is not the proper vehicle to challenge the DOC's calculation of time credit.

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. . . . It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Id.* at 395 (quoting **Commonwealth v. Perry**, 563 A.2d 511, 512-13 (Pa. Super. 1989)); *see also Commonwealth v. Wyatt*, 115 A.3d 876, 880 (Pa. Super. 2015).

Here, it is undisputed that the trial court awarded time credit for the period Stetter spent in pretrial detention when it sentenced him. Accordingly, the sentence is not illegal and Stetter's claim is not cognizable under the PCRA. *Id.* Rather, Stetter simply requested that the PCRA court compel the DOC to recalculate his sentence. This claim requires review of the DOC's

administrative function in calculating his minimum and maximum sentences and must be litigated through an original action in the Commonwealth Court. *Id.* The PCRA court did not err in dismissing the petition on this basis.

**B.**

Next, Stetter argues that he has been deprived of the benefit of his plea bargain because the DOC did not calculate his sentences concurrently even though he negotiated concurrent sentences as a term of his pleas.[7] He argues that the PCRA court erred in subjecting this claim to the PCRA's jurisdictional time-bar because, even though he included it in his PCRA petition, motions to enforce plea agreements are contract-based claims not governed by the PCRA.

Initially, we agree that a motion to enforce a plea agreement falls outside the PCRA and the jurisdictional time-bar does not apply, the caption on Stetter's pleading notwithstanding. *Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa. Super. 2019) ("On the other hand, a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance."). However, in addition to concluding that Stetter's petition was untimely, the

_____

[7] A petition to enforce a plea agreement is reviewed under contract interpretation and enforcement principles. *Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa. Super. 2019). "Contract interpretation is a question of law, so '[o]ur standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary.'" *Id.* at 612 (quoting *Gillard v. Martin*, 13 A.3d 482, 487 (Pa. Super. 2010)).

PCRA court here reviewed the DOC's time calculations and found that Stetter's sentences in the instant cases had, in fact, been imposed concurrently. **See** PCRA Court Opinion, 12/14/21, at 3-4. The record supports this conclusion.

Stetter negotiated concurrent sentences in his plea agreement, and the trial court imposed concurrent sentences on the record at the sentencing hearing and in the sentencing orders. As detailed in the table *supra*, the DOC applied time credit in all three of the instant cases from April 14, 2008, to the date of sentencing, June 9, 2009.[8] The certified record reflects that April 14, 2008, was the day after the initiation of charges in lead Case 6982, for which Stetter received the 7-to-14-year sentence. He received additional credit for time spent in pretrial detention in Cases 0721 and 6819 prior to the filing of

_____

[8] Section 9760 of the Sentencing Code states:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1); **see also Commonwealth v. Infante**, 63 A.3d 358, 367 (Pa. Super. 2013) ("[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." (citation omitted)). Because the DOC credited the period of April 14, 2008, to June 9, 2009, at all three dockets in accordance with the trial court's order, Stetter has, in fact, received more time credit than he is entitled to under the Sentencing Code. **See Commonwealth v. Davis**, 852 A.2d 392, 400 (Pa. Super. 2004) (stating that defendants are not entitled to have time credit for pretrial detention double-counted at multiple docket numbers).

charges in Case 6982, and the DOC calculated those sentences to expire on April 13, 2018, and March 25, 2017, respectively. Both dates are prior to the expiration of his 7-to-14-year sentence in Case 6982, further indicating that the sentences are concurrent. Finally, as the Commonwealth points out in its brief, the controlling minimum sentence date of April 14, 2025, is 17 years after Stetter's date of commitment in Case 6982, which is consistent with the 7-to-14-year sentence imposed in that case combined with the consecutive 10-to-20-year sentence later imposed in Case 2814. Therefore, the record does not support Stetter's assertion that that DOC failed to calculate the sentences in the instant case concurrently and no relief is due.[9]

Order affirmed.

Judge McCaffery joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2022

---

[9] Again, to the extent that Stetter argues the DOC has improperly calculated his time credit when determining his minimum and maximum sentences, this claim is properly brought in the Commonwealth Court's original jurisdiction. *Heredia*, *supra*.